IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Angela Sanchez-Knutson, individually, and
on behalf of all those similarly situated,

CASE NO.  14-cv-61344 WPD

       Plaintiff,

v.

Ford Motor Company,

       Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO STAY**

## I.  INTRODUCTION

Defendant Ford Motor Company's motion seeking to strike or to stay plaintiff Angela Sanchez-Knutson's motion for class certification rests primarily on two grounds.

First, argues Ford, there is something improper about filing a class certification motion this early in the litigation.[1] *This claim is demonstrably false. There is no procedural bar to filing the motion at this juncture, and recent developments in class action law encourage (perhaps unintentionally) filing the class certification motion along with the complaint.*

Second, argues Ford, having to respond to the class certification motion "places Ford in the untenable position of having to rebut plaintiff's allegations without having an opportunity to explore the underlying facts of the plaintiff's claims."[2] *This result is Ford's making. Knutson's counsel offered to stay the class certification briefing deadline to permit*

---

[1] Ford 6/30/2014 Br. at 1 ("[A]n immediate motion for class certification in a products liability and consumer fraud case is more than unusual, it is improper.").
[2] *Id.* at 2.

*Ford to conduct discovery. Ford said it would accept that offer only if Knutson was not*

*allowed to conduct discovery during the same period, which Knutson (through her lawyer)*

*rejected. In sum, Ford has made a strategic decision to forego the opportunity to conduct*

*discovery in favor of motion practice.*

Ford's motion should be denied. It is wrong on the merits and based on false

premises.

## II.    LEGAL STANDARD

Ford's motion doesn't supply the Court with the legal standard to be used in

assessing its motion, and – to be fair – Knutson similarly could not find authority. The most

analogous law Knutson located concerned motions to strike class allegations (as opposed

to class motions). While there are obvious differences in the two motions, a motion to

strike class allegations is, at minimum, instructive as to the threshold the Court should

apply here. And that threshold is significant:

> Courts consider striking a pleading to be a "drastic remedy" and generally
> view motions to strike "with disfavor." *Regions Bank v. Commonwealth
> Land Title Ins. Co.*, No. 11–23257, 2012 WL 5410609, at *2 (S.D.Fla. Nov.
> 6, 2012) (quoting *Exhibit Icons, LLC v. XP Cos.*, 609 F.Supp.2d 1282,
> 1300 (S.D.Fla.2009); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry,
> LLC*, No. 09–61490, 2010 WL 5393265, at *1 (S.D.Fla. Dec. 21, 2010)). A
> motion to strike will therefore "usually be denied unless the allegations
> have no possible relation to the controversy and may cause prejudice to
> one of the parties."[3]

If that's the legal standard that courts apply when asked to strike portions of a

pleading, it stands to reason that *at least* the same standard applies when the request is to

strike the entire pleading.

---

[3] *Gill-Samuel v. Nova Biomedical Corp.*, __F.R.D.__, 2014 WL 1661496, *5 (S.D. Fla. April 9, 2014).

### III.   ARGUMENT

**A.   Early certification motions are proper and increasingly common**

Rule 23 commands that "[a]t an early practicable time after a person sues … the court must determine … whether to certify the action as a class action."[4]  Because a certification decision is not a final order, the court retains jurisdiction to modify its certification decision as facts and events warrant.   "Thus, any prejudice to the parties arising from the court's directive to rule on class certification as early as practicable—and, possibly, prior to a fully developed record—is tempered in part by the court's ability to amend its ruling on class certification as new evidence comes to light concerning the propriety of certification."[5]

To be sure, the rule's imperative – that certification motions should be heard at "an early practicable time" - is not the only force at play. At least one circuit court has ruled that an offer of complete relief under Fed. R. Civ. P. 68 moots a class action if the offer is made before the certification motion is filed.[6] While there is contrary authority[7] and the 11th Circuit does not appear to have staked a position on this question, courts within the 11th Circuit have applied the mootness rule and dismissed class actions.[8] The logical result of this line of cases is that class certification motions are brought earlier.

---

[4] Fed. R. Civ. P. 23 (c)(1)(A).
[5] *Gill-Samuel*, 2014 WL 161496, *5.
[6] *Damasco v. Clearwire Corp.*, 662 F.3d 891, 893 (7th Cir. 2011)("Before Damasco moved for class certification, Clearwire offered him his full request for relief…. [] Clearwire's offer mooted Damasco's claim.").
[7] *E.g., Weiss v. Regal Collections*, 385 F.3d 337, 347-48 (3rd Cir. 2004)("Absent undue delay in filing a motion for class certification … where a defendant makes a Rule 68 offer … that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").
[8] *E.g., Stein v. Buccaneers Ltd. Partnership*, 2013 WL 7045328, *4 (M.D. Fla. Oct. 24, 2013)(holding that Rule 68 offer of judgment made before class certification motion mooted the case).

Thus, not only is Ford's premise – that there is something wrong with filing an early class certification motion – incorrect, early filing is specifically contemplated by Rule 23 and is further the unavoidable consequence of recent case law that provides a signpost for defendants to moot an entire class claim, without resolution on the merits, simply by making an effective Rule 68 offer.

The fact that public safety is at issue in this case makes an early certification decision even more appropriate. Knutson's Complaint asserts that Ford's model years 2011-13 Explorers are permitting carbon monoxide into the passenger cab. This is not only dangerous to the Explorer's occupants but it creates a safety risk generally, as carbon monoxide causes drowsiness,[9] which could affect a person's ability to drive safely.

In its brief, Ford attempts to minimize this because "a rapid determination of class certification ... does not provide Plaintiff or the putative class with any accelerated relief..."[10] The problem with Ford's logic here is that it assumes that Knutson will be satisfied with a slow litigation pace once certification is resolved. That's incorrect. Knutson intends to push this case to resolution as fast as possible, given what appears to be at stake.

**B.      Ford's decision to forego discovery in favor of motion practice is a strategic call that should not be rewarded**

Ford's second argument is that it is unfairly denied discovery if it must respond now to Knutson's certification motion. Ford's problem here is that it created this situation.

About one week ago, Ford's counsel telephoned Knutson's counsel.  In succession:

- Ford's counsel asked if Knutson's counsel would agree to an extension of 90 days to respond to the pending certification motion. *Knutson's*

---

[9] *See, e.g.,*
http://www.merckmanuals.com/home/injuries_and_poisoning/poisoning/carbon_monoxide_poisoning.html.
[10] Ford 6/30/2014 Br. at 7 (emphasis omitted).

*counsel agreed to an extension generally though the length of the extension was not addressed.*

- Ford's counsel asked if Knutson's counsel agreed that Ford would be permitted discovery during this extended period. *Knutson's counsel agreed.*

- Ford's counsel asked if Knutson's counsel agreed that Knutson <u>would not be permitted discovery</u> during the same period. *Knutson's counsel did not agree and the call concluded.*

None of this is reflected in Ford's good faith certification, which asserts only that "counsel for Ford conferred with counsel for Plaintiff on the issues raised in this Motion and that after such a good faith conference, the parties were unable to reach a resolution of the issues raised herein."[11]

Ford had the solution – time and discovery - for the problems it claims are created by Knutson's certification motion. Instead, for reasons that must be strategic (though they are certainly not obvious), it rejected the solution and filed this motion.

The Court should deny the motion and require Ford to timely respond to the certification motion.

One last thing. Though it's probably collateral to its motion, Ford argues that responding now to Knutson's class certification motion implicates its constitutional due process rights.[12] It cites two cases for this proposition.  The first was *In re American Medical Systems, Inc.*[13] where a defendant "had no opportunity to respond to the complaint, let alone conduct any discovery on any of the plaintiffs or to submit a brief to the district court or seek a hearing addressing the class actions issues.[14] *Livingston v. Associates*

---

[11] Ford 6/30/2014 Br. at 9.
[12] *Id.* at 5-6.
[13] 75 F.3d 1069 (6th Cir. 1996).
[14] *Id.* at 1086.

*Finance, Inc.*[15] (the second case cited) involved a situation where a trial court stayed all discovery and briefing on class certification because it found the defendant's motion to dismiss class claims "to be a sufficient response to the [plaintiff's] motion for class certification."[16]

Neither case remotely describes the situation before this Court.

### IV.   CONCLUSION

There is nothing improper about the timing of Knutson's motion.  The Court should deny the motion and require Ford to respond.

Dated:  July 7, 2014.

By: */s/ Jordan M. Lewis*
Jordan M. Lewis (FBN: 97997)
Kelley✍Uustal, PLC
700 S.E. 3rd Avenue, Suite 300
Fort Lauderdale, Florida 33316
Telephone:   (954) 522-6601
Facsimile:   (954) 522-6608
Email:          jml@kulaw.com
Email:          jju@kulaw.com
Email:          mah@kulaw.com

*Attorneys for Plaintiff*

---

[15] 339 F.3d 553 (7th Cir. 2003).
[16] *Id.* at 558.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been

furnished by CM/ECF Notification this 7th day of July, 2014 to:

E. Colin Thompson, Esquire
J. Trumon Phillips
DLA Piper LLP
100 North Tampa Street, Suite 2200
Tampa, FL 33062-5809

Joel A. Dewey, Esquire
DLA Piper LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600

_/s/ Jordan M. Lewis_
Jordan M. Lewis (Florida Bar No. 97997)